UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD MCGUIRE, JR.,

            Plaintiff,

    -against-

CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, CASWELL F. HOLLOWAY,
STEVEN W. LAWITTS, VINCENT SAPIENZA,
GEROULD J. MCCOY, JERRY VOLGENDE,
KEVIN BUCKLEY, PAUL KISKORNA, MIKE
MCGREGOR, STEVE KOLLER, TONY FIALIO,
and JOHN MCCABE, LOCAL 1320, DISTRICT
COUNCIL 37, A.F.S.C.M.E., AFL-CIO, and
JAMES TUCCIARELI,

            Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-0814 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Edward McGuire, Jr. has brought suit against the City of New York; the New York City Department of Environmental Protection ("DEP"); DEP Commissioner Caswell F. Holloway; and current and former DEP employees Steven W. Lawitts, Jerry Volgende, Kevin Buckley, Paul Kiskorna, Mike McGregor, Steve Koller, Tony Fialio, and John McCabe ("City Defendants"); and Local 1320, District Council 37, A.F.S.C.M.E., AFL-CIO (the "Union"), and James Tucciareli ("Union Defendants"). (See Notice of Removal (Dkt. 1).) City Defendants and Union Defendants have each filed a motion to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12. (See Union Mot. to Dismiss (Dkt. 15); City Mot. to Dismiss (Dkt. 16).) For the reasons explained below: (1) Union Defendants' motion under Rule 12(b)(1) for lack of subject matter jurisdiction is DENIED; (2) Union Defendants' and City Defendants' motions under Rule 12(b)(6) are CONVERTED into motions for summary judgment under Rule

1

56; and (3) the court reserves ruling on the motions, directs Defendants to file answers to Plaintiff's Amended Complaint within thirty days, and directs the parties to proceed with discovery and submit supplemental briefing and materials pursuant to Rule 56.

## I.  BACKGROUND

### A.  Facts

For the purposes of contemplating these motions to dismiss, the court will assume the truth of the following allegations, taken from Plaintiff's Amended Complaint. This action arises from Plaintiff's employment as a sewage treatment worker for the DEP. (See Am. Compl. ¶¶ 19-30.) The DEP is a City agency that provides clean drinking water to the City and also ensures that used wastewater is cleaned before it is released into local waterways. (Id. ¶¶ 1-4.) Plaintiff has been employed by the DEP as a sewage treatment worker since 2001. (Id. ¶ 15.) The individual City Defendants are his supervisors. (See id. ¶¶ 14 (describing the positions of the individual defendants within the DEP), 15.) He is a member of the Union. (Id. ¶ 16.) The Union and the City are parties to a collective bargaining agreement. (Id. ¶ 18.)

Plaintiff claims that on and before December 2009, in the course of his employment, he observed "significant and hazardous conditions that present[ed] and creat[ed] a substantial and specific danger to public health and safety." (Id. ¶ 19.) According to Plaintiff, these conditions were in violation of federal, state, and local laws. (Id. ¶ 20.) Plaintiff complained of these violations to his supervisors at the DEP. (Id. ¶ 21.) Plaintiff's complaints were disregarded and Plaintiff's supervisors thereafter "engaged in a continuous practice and policy of retaliatory acts and mistreatment" against him. (Id. ¶ 22.) According to the Amended Complaint, the retaliatory actions Plaintiff endured included demotion, loss of seniority, denial of accrued overtime,

assignment of undesirable jobs, verbal abuse, denial of requested shifts, threats, humiliation, harassment, and creation of a generally hostile work environment. (Id. ¶¶ 27-29.)

In December 2009, Plaintiff filed a formal complaint with the Office of Environmental Health & Safety Compliance ("OEHS"), a division within the DEP. (Id. ¶¶ 13, 23.) He complained of the violations and the retaliatory actions against him. (Id. ¶ 23.) The OEHS commenced an investigation, and on December 21, 2009, issued a memorandum concluding, inter alia, that Plaintiff's allegations about his mistreatment for raising safety concerns were credible, and that Plaintiff had been subject to retaliatory verbal abuse. (Id.)

Plaintiff sought assistance from the Union by following the procedures relating to retaliatory actions provided for in the collective bargaining agreement. (Id. ¶ 32.) He filed approximately five to seven written grievances and contacted Defendant Tucciareli, the Union's president. (Id. ¶ 32.) He called Tucciareli approximately twenty-five to forty times, and spoke to him in person approximately five times. (Id.) Nevertheless, the Union failed to hold a conference with Plaintiff relating to his charges, afford him representation, or permit him to proceed with his grievances. (Id.)

## B. Procedural History

On August 23, 2011, Plaintiff filed suit in the New York State Supreme Court, Queens County, against the City Defendants alleging violations of New York Civil Service Law and New York Labor Law arising out of his employment by the DEP. (See Notice of Removal ¶ 5; Summons and Complaint (Ex. C to Notice of Removal).). On January 13, 2012, Plaintiff amended his state court complaint, adding Union Defendants and asserting a claim against them for breach of duty of fair representation, and adding a claim against City Defendants for violating

3

42 U.S.C. § 1983 by infringing upon Plaintiff's rights under the First Amendment. (Notice of Removal ¶ 1; Supplemental Summons and Amended Complaint (Ex. B to Notice of Removal).)

On February 17, 2012, the City Defendants filed a Notice of Removal in this court based on the court's original jurisdiction over Plaintiff's federal constitutional claim. (See Notice of Removal ¶¶ 3-4.) Shortly thereafter, City Defendants and Union Defendants moved for a pre-motion conference in anticipation of each filing a motion to dismiss Plaintiff's Amended Complaint. (See February 23, 2012, City Ltr. (Dkt. 2); February 23, 2012, Union Ltr. (Dkt. 4).) The court concluded that no pre-motion conference was necessary, set a briefing schedule for the parties' motions, and extended Defendants' time to answer the Amended Complaint until the motions are decided. (See February 27, 2012, Order.) The City Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them for failure to state a claim, and Union Defendants moved to dismiss Plaintiff's claim against them under Rules 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment. (See City Mot. to Dismiss (Dkt. 16); Union Mot. to Dismiss (Dkt. 15).) Plaintiff opposed both motions. (See Pl. Opp'n (Dkt. 15-5).) These motions to dismiss are now before the court.

## II. STANDARD FOR A MOTION TO DISMISS

### A. Motion to Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). After construing all ambiguities and drawing all inferences in plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks

the statutory or constitutional power to adjudicate it. Id. (citations omitted).

### B. Motion to Dismiss Under Rule 12(b)(6)

"To survive a motion to dismiss [under Rule 12(b)(6)], a claim must contain sufficient factual matter, accepted as true, to 'state a claim for relief that it plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted).

In contemplating a motion to dismiss, the court must be mindful that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Also, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see also Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010).

In considering a motion to dismiss, the court may consider only the complaint and documents attached to, or integral to, the complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

## III. DISCUSSION

The City Defendants have moved to dismiss Plaintiff's Amended Complaint for failure to state a claim, arguing that: (1) Plaintiff's First Amendment claim fails because Plaintiff is not entitled to First Amendment protection for the relevant speech; (2) Plaintiff's New York Labor Law claim fails because the law does not apply to Plaintiff; and (3) Plaintiff failed to state a

5

claim under New York Civil Service Law because he is not eligible for the claimed protections and his claim is barred by the statute of limitations. (See City Mem. in Supp. of Mot. to Dismiss (Dkt. 16-1).) Union Defendants have also moved to dismiss the Amended Complaint, or for summary judgment, arguing that the court lacks subject matter jurisdiction over Plaintiff's claim, that it is untimely, and that it fails to state a claim upon which relief can be granted. (See Union Mem. in Supp. of Mot.)

### A. Union Defendants' Rule 12(b)(1) Motion

Because Union Defendants moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court must address this issue as a threshold matter. See Yu Chu Hom v. Goldbeck, No. 08-CV-3159 (SLT), 2010 WL 2265054, at * 2 (E.D.N.Y. May 28, 2010) ("Subject matter jurisdiction is a threshold issue, and thus, where a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first." (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990))).

Union Defendants initially argued that the court has no subject matter jurisdiction over Plaintiff's claim under the Labor Management Relations Act, 23 U.S.C. § 152(2) ("LMRA"). (See Union Mem. in Supp. of Mot. to Dismiss at 7-8.) Plaintiff conceded that the court would have no jurisdiction over a claim under the LMRA, but countered that he does not seek relief under the LMRA, but under state law for a breach of the duty of fair representation. (See Pl. Opp'n at 12.) Union Defendants then argued that Plaintiff's state law claim is improperly pleaded and that he failed to specify the authority for it, and thus the court has no jurisdiction over it. (Union Reply in Supp. of Mot. to Dismiss (Dkt. 15-6) at 5.)

Union Defendants' argument is essentially that Plaintiff's claim should be dismissed for failure to state a claim, not that the court lacks subject matter jurisdiction over it. Whether

6

Plaintiff's claim was properly pleaded or subject to defenses is another matter. See Fed. R. Civ. P. 12. There is a federal claim providing the basis for the court's subject matter jurisdiction over the case. (See Notice of Removal ¶¶ 3-4.) Therefore, the court has supplemental jurisdiction over Plaintiff's state law claims. Cf. Straker v. New York City Auth., 340 Fed. App'x 675, 677 (2d Cir. 2009) (where City employee's only federal claim was dismissed, court did not err in declining to exercise supplemental jurisdiction over the state law claim for breach of the duty of fair representation); Harris v. United Fed'n of Teachers, New York City Local 2, (S.D.N.Y. Aug. 14, 20012) (where the State employee's federal labor law claim was dismissed for lack of subject matter jurisdiction, the employee's rights depended entirely on state law, and thus there was no basis for federal jurisdiction). Accordingly, Union Defendants' motion to dismiss Plaintiff's claim against them for lack of subject matter jurisdiction is DENIED.

### B.  Motions to Dismiss Under Rule 12(b)(6)

Along with their motion to dismiss, City Defendants included: (1) the collective bargaining agreement between the Union and the City; (2) the Notice of Examination for the Sewage Treatment Worker position, dated March 2, 2011; and (3) a copy of the memorandum from the DEP OEHS to Plaintiff, dated December 21, 2009. (Exs. A-C to Decl. of Shakera Khandakar in Supp. of City Mot. to Dismiss (Dkts. 17-1, 17-2, 17-3) ("Khandakar Decl.").) Along with his opposition to the City's motion, Plaintiff included: (1) his Amended Complaint; (2) the Mission Statement of the DEP; (3) DEP office descriptions from the DEP website; (4) an employee notice of the appointment of a federal monitor over the DEP, posted March 6, 2006; (5) a press release from the Unites States Attorney for the Southern District of New York regarding the DEP's violation of federal probation; (6) a New York Times article about the DEP; (7) an Office of the Mayor announcement about the DEP, dated December 25, 2009; (8) several

7

written reports of unsafe conditions signed by Plaintiff; and (9) affidavits of service of the initial state court summons and complaint. (Exs. A-I to Aff. of Matthew Goldsmith in Supp. of Pl. Opp'n to Mot. to Dismiss (Dkt. 19) ("Goldsmith Aff.").)

Neither side objected to the court's reliance on all of the attached documents. In fact, Plaintiff clarified for the court the difference between how the parties' exhibits are cited in their respective briefs. (See Goldsmith Aff. ¶ 5.) The City Defendants cite authority for why the court should consider its three exhibits (see City Mem. in Supp. of Mot. to Dismiss at 3 nn.3-4), but Plaintiff cites none in support of consideration of his own exhibits. In their reply, City Defendants rely on several of Plaintiff's exhibits to support their argument for dismissal. (See, e.g., City Reply in Supp. of Mot. to Dismiss at 2-3 (citing to the content of Plaintiff's Exhibit H, Reports of Unsafe Conditions, for the proposition that Plaintiff's speech was within his employment duties).)

The purpose of a Rule 12(b)(6) motion is "to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011). "The court therefore does not ordinarily look beyond the complaint and attached documents in deciding a motion to dismiss brought under the rule." Id.

In disposing of a Rule 12(b)(6) motion, generally, "[w]hen material outside the complaint is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion.'" Chambers, 282 F.3d at 153 (quoting Fed. R. Civ. P. 12(b)). "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or

possession is not enough." Id. at 153. Thus, a court faced with documents outside the pleadings on a Rule 12(b)(6) motion is afforded two options: (1) exclude the extrinsic documents, or (2) convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56. Id. (citing cases).

As discussed above, City Defendants and Plaintiff have submitted documents outside Plaintiff's Amended Complaint—some of which may be integral to the document, but some of which are not[1]—and rely on the factual contentions in each other's documents. Union Defendants submitted a motion to dismiss pursuant to Rule 12(b)(6), or, in the alternative, for summary judgment, but City Defendants moved only under Rule 12(b)(6), and no party submitted a statement of facts in accordance with Local Rule 56.1.

Accordingly, the court will reserve ruling on the motions and provide the parties with the opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56. See Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N. J., 842 F. Supp. 2d 672, 681 (S.D.N.Y. 2012) (converting a Rule 12(b)(6) motion to a motion for summary judgment and directing the parties to conduct additional discovery). The parties are directed to contact Magistrate Judge Viktor V. Pohorelsky to schedule a conference to determine what discovery is necessary and formulate a discovery schedule. Defendants are directed to file

---

[1] The court may consider documents that are integral to the complaint, meaning that the complaint "relies heavily upon [the document's] terms and effect." Chambers, 282 F.3d at 153. The Amended Complaint relies heavily on the terms and effect of the collective bargaining agreement and the memorandum from the OEHS regarding Plaintiff's complaints. (See Am. Compl. ¶¶ 18, 23-24, 31-35.) The same cannot be said, however, for the rest of the documents City Defendants and Plaintiff submit. City Defendants argue that the court may take judicial notice of the publicly available documents, specifically, the Notice of Examination for Sewage Treatment Worker position also attached to its motion. (City Mem. in Supp. of Mot. to Dismiss at 4.) However, though the court may take judicial notice of the existence of such documents, it may not, on a motion to dismiss, rely on the facts asserted in the document or analyze the material. Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

9

answers to Plaintiff's Amended Complaint within thirty days. The parties must complete the necessary discovery under the direction of Judge Pohorelsky and proceed with supplemental summary judgment briefing and submission of proper evidence under Rule 56.

## IV. CONCLUSION

For the reasons explained above: (1) Union Defendants' motion under Rule 12(b)(1) for lack of subject matter jurisdiction is DENIED; and (2) Union Defendants' and City Defendants' motions under Rule 12(b)(6) are CONVERTED into motions for summary judgment under Rule 56; and (3) the court reserves ruling on the motions, directs Defendants to file answers to Plaintiff's Amended Complaint within thirty days, and directs the parties to proceed with discovery and submit supplemental briefing and materials pursuant to Rule 56.

SO ORDERED.

Dated: Brooklyn, New York
January 25, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge